

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2008

# Harold Lee v. Marva Cerullo

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2227

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Harold Lee v. Marva Cerullo" (2008). *2008 Decisions.* Paper 846.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/846

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-231

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2227
_____

HAROLD LEE,

Appellant

v.

MARVA CERULLO, Medical Dept. Admin.-SCI Mahanoy
DR. EDELMAN, Head of PHS of PA;
BETTY SUE PUGLA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-01026)
District Judge:  Honorable John E. Jones, III

_____

Submitted for Possible Dismissal Due to Untimeliness
or Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
June 19, 2008
Before: BARRY, CHAGARES and NYGAARD,  Circuit Judges

(Opinion filed: July 11, 2008)
_____

OPINION
_____

PER CURIAM

Harold Lee, an inmate at SCI-Mahanoy (formerly imprisoned at SCI-Coal

Township), appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania, granting the motions for summary judgment filed by Defendants/Appellees Betty Sue Pugla, Dr. Edelman, and Marva Cerullo. Because no substantial question is presented, L.A.R. 27.4, we will summarily affirm the District Court's order.

As the parties are familiar with the facts, we will discuss them only to the extent necessary to explain our decision. On April 28, 2004, Lee filed an amended complaint naming six defendants, including Wilma Sewell, Judy Rodichok, Dr. Kort, Marva Cerullo, Dr. Edelman, and Nurse Betty Sue Pugla.[1] The complaint alleged that he had been denied him medical care in violation of the Eighth Amendment because defendants had delayed and/or withheld treatment of his tuberculosis (TB), Hepatitis C, and sleep apnea. Three of the defendants (Dr. Kort, Dr. Edelman, and Judith Rodichok, who was medical director at SCI-Coal Township) filed a motion to dismiss. The District Court found that the allegations against Dr. Kort and Rodichok were time-barred, as Lee filed his original complaint on June 20, 2003, and all allegations against those two defendants concerned events which occurred, at the latest, sometime in 2000. The District Court also

---

[1] The District Court dismissed Lee's original complaint (which named ten defendants) pursuant to 28 U.S.C. § 1915(e)(2)(b)(i),(ii), but granted him leave to amend his complaint within a certain period of time. Lee failed to timely file an amended complaint and the District Court dismissed his case. Lee filed a motion for reconsideration, which was granted. Lee then filed his amended complaint.

found that any claim relating to Lee's treatment for TB was barred, because he was diagnosed with TB in 1997. The District Court dismissed the complaint as to Dr. Edelman and Nurse Pugla, finding that Lee did not state a valid claim for medical mistreatment under the Eighth Amendment, but rather had alleged only a disagreement concerning what the appropriate treatment was for his condition.

The District Court dismissed the complaint as to Wilma Sewell, Administrator of the medical department at SCI-Coal Township, and as to Marva Cerullo, Administrator of the medical department at SCI-Mahanoy, because Lee was attempting to impose liability based on respondeat superior. The District Court also found that Lee's conspiracy claim was without merit.

This Court affirmed the dismissal of Defendants Kort, Rodichok and Sewell, and reversed the dismissal of Defendants Edelman, Cerullo, and Pugla. See C.A. No. 05-1603. We disagreed with the District Court that Lee's amended complaint failed to state an Eighth Amendment claim as to Edelman and Pugla, reasoning that "It may be that Edelman's decision to postpone treatment for a year was based on a medical judgment, but taking the allegations of the complaint to be true, it may also be that it was based on deliberate indifference. Similarly, Nurse Pugla told him that he needed to wait four months for a new protocol. It is not clear from the record that her actions were based on medical judgment." We further concluded that Lee's allegations regarding Cerullo's actions or inaction with respect to his grievances were not based on respondeat superior.

3

In addition, we directed the District Court to reexamine whether Lee's claims about a lack of treatment of his TB and sleep apnea were time-barred because his complaint could be construed as alleging that this non-treatment was a continuing problem.

Upon remand, the remaining defendants (Cerrullo, Nurse Pugla, and Dr. Edelman) filed motions for summary judgment. The District Court granted the motions. With respect to Lee's claim regarding treatment of his Hepatitis C condition, the District Court held that it is "patently clear from the record that Lee's requests for medical treatment were not ignored by the prison medical staff or unreasonably delayed. Indeed, the record indicates substantial and meaningful efforts by defendants to provide Lee with necessary and requested medical care." The District Court further concluded that defendants provided appropriate care with respect to Lee's inactive TB because defendants began a course of preventive TB therapy at the conclusion of his Hepatitis C treatment. The District Court also held that Lee's Eighth Amendment claim regarding his sleep apnea failed because the only evidence in the record concerning a sleep problem was a medical progress note that Lee participated in a sleep study while at SCI-Coal Township. Lee offered no other evidence of a sleep apnea problem, the effect of this problem on his health, or requests for treatment.[2] With respect to Lee's claim against Cerullo, the

_____

[2] On remand, the District Court appears to have implicitly determined that Lee's claims against the remaining defendants concerning his TB and sleep apnea conditions were not barred by the statute of limitations. We conclude that these claims are timely to the extent that Lee complains of an alleged continuing failure to treat these conditions at SCI-Mahanoy.

4

District Court granted summary judgment in her favor because, to the extent Lee had made out any claim against her, the record evidence contradicted Lee's allegation that she ignored his complaints. The District Court further concluded that Cerullo was entitled to rely on the medical staff's professional judgment regarding Lee's treatment and could not be held liable based on a theory of respondeat superior.

We have jurisdiction over this appeal under 28 U.S.C. § 1291.[3] We exercise plenary review over a district court's order of summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).

In order to establish a §1983 civil rights claim, a claimant must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Robb v. City of Philadelphia, 733 F.2d 286, 290-91 (3d Cir. 1984) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). See also Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992) (municipalities are considered "persons" under section 1983 and may be held liable for a constitutional tort where the municipal entity was responsible for the violation). To succeed on an Eighth

---

[3] The District Court's order granting summary judgment was entered on March 18, 2008. Lee, therefore, had until April 17, 2008, to file a timely notice of appeal. Although Lee's notice of appeal was not received by the District Court until April 22, 2008, he has submitted a declaration in compliance with 28 U.S.C. § 1746 demonstrating that he delivered the notice of appeal in question to prison authorities on April 17, 2008. Thus, we do not dismiss the appeal as untimely. See Fed. R. App. P. 4(c)(1).

5

Amendment claim, Lee must demonstrate two things: "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).[4] A complaint that a physician has been "negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An inmate's disagreement with a prison physician's medical judgment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

For essentially the reasons explained by the District Court, summary judgment was properly entered in favor of Dr. Edelman and Nurse Pugla because Lee failed to establish that they were deliberately indifferent to a serious medical need. Specifically, Lee failed to demonstrate that there was a genuine issue of material fact regarding whether defendants delayed necessary medical treatment of his Hepatitis C condition for non-medical reasons. See Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987). Moreover, Lee's complaint failed to specifically implicate any of the remaining defendants with respect to the treatment, or lack thereof, of his TB or sleep apnea. In any event, Lee failed to present evidence from which a reasonable jury could conclude that the course of treatment, or lack thereof, that he

---

[4] For purposes of this appeal, we will assume without deciding that Lee's Hepatitis C condition, sleep apnea, and TB all constitute serious medical needs.

received for these two conditions amounted to deliberate indifference. We further agree that summary judgment was properly entered in favor of Cerullo because, even assuming that Lee's allegations stated a cognizable claim against her, the record evidence contradicts Lee's allegation that she ignored his complaints. Further, Cerullo is not a physician and under the circumstances presented here cannot be considered deliberately indifferent because she allegedly "failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer, 991 F.2d at 69.

For the foregoing reasons, no substantial question is presented and we will affirm the order of the District Court.